UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


WILLIAM EDWARD PERRY, JR.,

     Plaintiff,

v.                                                                    Case No. 3:17cv961-MCR-CJK

MICHAEL BLIZZARD,

     Defendant.

_____/

REPORT AND RECOMMENDATION

On January 3, 2018, the undersigned entered an order (doc. 3) granting plaintiff leave to proceed *in forma pauperis* and directing plaintiff to provide the court with 1 service copy of his complaint within 30 days of the date of the order. The undersigned advised that failure to submit the requisite service copy would result in a recommendation that the case be dismissed for failure to prosecute and/or failure to comply with an order of the court.

After more than 30 days passed and plaintiff had not submitted a service copy of his complaint, the undersigned entered an order (doc. 4) directing plaintiff to show

cause within 14 days why the matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court. After more than 14 days passed and plaintiff had failed to comply, the undersigned entered a Report and Recommendation (doc. 5) recommending the matter be dismissed for failure to prosecute and/or failure to comply with an order of the court. The mail was returned as undeliverable. *See* doc. 6.

On March 19, 2018, plaintiff responded to the show cause order, stating he had been transferred to a different institution. *See* doc. 8. The next day, he filed a motion for leave to amend his complaint (doc. 9) and a proposed first amended complaint (doc. 10). In light of plaintiff's transfer, the show cause order (doc. 4) was discharged and the Report and Recommendation (doc. 5) was withdrawn. *See* doc. 11. The undersigned granted plaintiff's motion for leave to amend his complaint (doc. 9) and found service of the amended complaint (doc. 10) appropriate.

The undersigned directed the clerk to provide plaintiff a prepared Notice of a Lawsuit and Request to Waive Service of a Summons (For Use by Prisoners and Pro Se Plaintiffs Proceeding In Forma Pauperis) form and allowed plaintiff 21 days in which to sign and return the form to the clerk. The undersigned instructed plaintiff that failure to comply with the order as instructed would result in a recommendation that the case be dismissed for failure to prosecute and/or failure to comply with an

order of the court.

After more than 21 days passed and plaintiff had failed to comply, the undersigned directed plaintiff to show cause within 14 days why the matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court. *See* doc. 12. The mail was returned as undeliverable, with notations plaintiff was released from custody on February 8, 2018. *See* docs. 13 and 14. The undersigned thus entered a Report and Recommendation (doc. 15) recommending the matter be dismissed based on the court's inability to contact plaintiff, which rendered any further orders futile. The mail again was returned as undeliverable with a notation plaintiff was released on February 8. *See* doc. 16. Plaintiff, however, responded to the show cause order, explaining he was in confinement and had no access to his legal materials. Plaintiff requested the matter "not be dismissed for his failure to prosecute or properly comply with this Courts orders because his efforts are being extremely frustrated by actors of the State." Doc. 17 at p. 1.

The undersigned entered another show cause order (doc. 18) finding that although plaintiff had offered an explanation as to his inability to timely comply with the court's order, he had not given any indication the circumstance would change and render him able to prosecute this action. The undersigned allowed plaintiff 14 days in which to do so and advised that, should plaintiff fail to timely comply, the

Case No. 3:17cv961-MCR-CJK

undersigned would recommend, without further notice, that the matter be dismissed.

Plaintiff did not comply with the show cause order; however, he filed a Motion for Abeyance or Stay (doc. 19), requesting the matter "be held in abeyance, to allow Plaintiff to comply with the 'written claim' requirement, pursuant § 768.28(6), Florida Statutes." The undersigned denied plaintiff's motion (doc. 20), advising that plaintiff's complaint includes only an Eighth Amendment claim brought pursuant to 42 U.S.C. § 1983 and that § 1983 does not require notice under Fla. Stat. § 768.28(b). The undersigned allowed plaintiff 5 days from the date of the order in which to submit a prepared Notice of a Lawsuit and Request to Waive Service of a Summons (For Use by Prisoners and Pro Se Plaintiffs Proceeding In Forma Pauperis) form for the defendant and advised that in the event he failed to do so, the undersigned would recommend, without further notice, that the matter be dismissed for failure to prosecute and/or failure to comply with an order of the court.

Plaintiff submitted a Notice of a Lawsuit and Request to Waive Service of a Summons (For Use by Prisoners and Pro Se Plaintiffs Proceeding In Forma Pauperis) form, but not on the court forms provided to him. The undersigned thus directed the clerk of court to again forward to plaintiff a prepared Notice of a Lawsuit and Request to Waive Service of a Summons (For Use by Prisoners and Pro Se Plaintiffs Proceeding In Forma Pauperis) form and allowed plaintiff 5 days in which to submit

the documents *on the court forms provided to him*.  The undersigned cautioned

plaintiff that, in the event he failed to do so, the undersigned would recommend,

without further notice, that the matter be dismissed for failure to prosecute and/or

failure to comply with an order of the court.  More than 2 weeks have passed and

plaintiff has not complied.  As a result of the matters detailed above, this case has

essentially been motionless since plaintiff filed his complaint, and the progression of

these same matters suggests no reason exists to believe the case will move forward

in any reasonable manner.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's

failure to prosecute and/or failure to comply with an order of the court.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 31st day of July, 2018.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**